# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **LATOYA WILSON** *on behalf of herself and others similarly situated,* | Case No.: 4:24-cv-4796 |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **SUNRUN, INC. d/b/a SOLAR AMERICA**, | |
| *Defendant.* | |

## Nature of this Action

1.      This action arises out of the telemarketing practices of Defendant, SunRun, Inc. d/b/a Solar America ("SunRun" or "Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2.      SunRun is a solar sales and renewable energy company offering solar panel construction, solar storage and other solar products.

3.      SunRun makes, or has made on its behalf, prerecorded telemarketing calls soliciting its products and services.

4.      SunRun makes these calls to individuals that did not consent to these types of calls.

5.      SunRun also makes these calls to individual on the National Do-Not-Call Registry.

6.      Accordingly, Plaintiff LaToya Wilson ("Plaintiff" or "Ms. Wilson") brings this action on behalf of herself and classes of similarly situated individuals.

## Jurisdiction and Venue

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8.      This Court has jurisdiction over SunRun because SunRun purposefully availed

itself of the privilege of conducting business in Texas because it obtained information about Plaintiff, specifically Plaintiff's phone number with Texas area code and thus *intentionally* dialed into the state of Texas and used a phone number with a Texas area code to call Plaintiff.

9. Stated differently, SunRun targeted residents of this District with its illegal telemarketing campaign and had specific knowledge (e.g. area code) that these calls were being placed into Texas. This is sufficient for specific jurisdiction. *See Pepper v. Stress Free Health Options, Inc.,* No. H-22-1251, 2022 U.S. Dist. LEXIS 150873 (S.D. Tex. Aug. 23, 2022) (two text messages sent by a Florida-based defendant to a Texas resident with a Texas area code constituted sufficient contacts for specific personal jurisdiction over the Florida-based defendant).

10. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

11. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

**Parties**

12. Plaintiff is a natural person who at all relevant times resided in Spring, Texas.

13. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

15. Defendant is a corporation organized and existing under the laws of the State of Delaware, with headquarters located at 225 Bush Street, Suite 1400, San Francisco, California 94104-4249.

16.    Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

17.    Defendant is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

## TCPA Background

18.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

### *Prohibition of Prerecorded or Artificial Voice Calls*

19.    Section 227(b) of the TCPA prohibits making ***any*** call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

20.    A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

### *National Do-Not-Call Registry*

21.    The TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

22.    These regulations are codified at 47 C.F.R. §§ 64.1200(e)(1-2).

23.    Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of

persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

24.     A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

<strong>Texas State Law Background</strong>

25.     Pursuant to Section 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

26.     Under section 305.053(a), a person is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by a defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

27.     A person may also be entitled to an additional $1,500 per call if the defendant's actions are found to be knowing or intentional.  See Tex. Bus. & Com. Code § 305.053(c).

28.     Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

29.     Sellers engaging in telephone solicitations are required to register, and among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located." §302.151(10).

30.     Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

Furthermore, section 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorneys' fees.

<u>*Vicarious Liability*</u>

31.     Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls.  *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations").  In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification."  *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

32.     Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability.  Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

**Factual Allegations**

33.     Plaintiff is the sole and customary user of a cellular telephone number (XXX)-XXX-3619.

34.     Plaintiff's cellular telephone number (XXX)-XXX-3619 is used for residential purposes and is not associated with a business.

35.     Plaintiff's cellular telephone number has a Texas area code.

36.     Plaintiff's cellular telephone number (XXX)-XXX-3619 has been on the National Do-Not-Call Registry since March 5, 2022.

37.     On or about April 11, 2024, Plaintiff began receiving telephone calls from Defendant soliciting its products or services.

38.     When Plaintiff would not answer the phone, Defendant would leave a prerecorded voice message on Plaintiff's voicemail:

> Hello.  This is Solar America responding to your request for solar energy for your home.  We just needed a brief moment to verify the information you submitted, and, we'll try calling back shortly. Or you can call us back at 1-800-680-8554. Again that number is 1-800-680-8554. You may opt-out at any time.  Thank you.

39.     Plaintiff received the same (or portions of the same) prerecorded voice message from Defendant on at least the following dates:

- April 11, 2024 (twice);

- April 12, 2024 (twice);

- April 13, 2024 (twice);

- April 14, 2024 (once);

- April 15, 2024 (three times); and

- April 16, 2024 (once).

40.     Plaintiff never contacted Defendant to request solar energy for her home.

41.     Plaintiff had never heard of Defendant until Defendant began contacting her with its prerecorded telephone calls.

42.     Upon information and belief, Defendant makes unsolicited cold calls that are disguised as "follow up calls" in an effort to generate call backs so that Defendant can solicit its

products or services.

43.    Plaintiff did not provide prior express invitation or permission or consent for these telephone calls.

44.    Defendant did not scrub Plaintiff telephone number against the National Do-Not-Call Registry prior to placing a call to Plaintiff.

45.    Defendant's records or the records of third parties will reveal all of the calls Defendant made, or had made, to Plaintiff.

46.    Defendant's violations were negligent.

47.    Alternatively, Defendant's violations were willful and knowing.

48.    Plaintiff and the classes were damaged by the violations alleged herein.  Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls.  Defendant's telephone calls were annoying and a nuisance, and wasted the time of Plaintiff and the class members.  *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

49.    Defendant is not registered as a solicitor with the Texas Secretary of State.

## DEFENDANT'S LIABILITY

50.    Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

51.    "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing

messages to be delivered.

47 C.F.R. §64.1200(f)(8)

52.     Plaintiff never provided Defendant with any consent written or otherwise.

53.     Defendant used automated systems to make unsolicited outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

54.     Certain of these calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

55.     For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.  *See* 47 U.S.C. § 227(b)(3)(B).

56.     Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful. *See* 47 U.S.C. § 227(b)(3)(C).

57.     In addition, Defendant made two or more telephone solicitations to Plaintiff, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

58.     Accordingly, for violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per call through 47 U.S.C. § 227(c).

59.     Plaintiff is entitled to $1,500 per call if the actions are found to be knowing or willful.

60.     In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

61.     As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

62.     Accordingly, Plaintiff is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

63.     Plaintiff is entitled to an additional $1500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

64.     In addition, pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

65.     Defendant violated § 302.101 of the Texas Business & Commerce Code when it engaged in telephone solicitation without obtaining a registration certificate from the Office of the Secretary of State.

66.     Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Plaintiff is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

67.     In addition, pursuant to § 302.302(d) of the Texas Business & Commerce Code, Plaintiff is entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## CLASS ACTION ALLEGATIONS

68.    Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of four proposed

"Classes," as defined as follows:

### THE TCPA CLASSES

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called  using an artificial or prerecorded voice message.

("Prerecorded Class")

Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when  the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls, from four years prior to the filing of the Complaint through class certification.

("Registry Class")

Plaintiff and all residents of the State of Texas to whose telephone number Defendant (or its agent) placed a telephone solicitation when Defendant did not have a registration certificate from the Office of the Secretary of State of Texas from four (4) years prior to the filing of the Complaint.

("Texas Registration Class").

Plaintiff and all persons in the state of Texas to whom after four years preceding the filing of this Complaint Defendant (or its agent) (a) called using an artificial or prerecorded voice message, or (b) made two or more telemarketing calls in a 12-month period in violation of 47 U.S.C. § 227 or a regulation adopted under that provision.

("Texas TCPA Class")

(The Prerecorded Class, the Registry Class, the Texas Registration Class and the Texas

TCPA Class are collectively referred to herein as the "Classes.")

69.    Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

70.    The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

71.    The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

- The time period(s) during which Defendant made the telephone calls;

- The telephone numbers to which Defendant made telephone calls;

- The telephone numbers for which Defendant had prior express written consent;

- The purposes of such telephone calls;

- The telephone numbers that Defendant called with an artificial or prerecorded voice; and

- The names and addresses of Class members.

72.    The Classes are comprised of hundreds, if not thousands, of individuals.

73.    There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

- Whether Defendant makes telemarketing calls;

- Whether Defendant used an artificial or prerecorded voice when making its calls;

- Whether Defendant obtains prior express written consent;

- Whether Defendant makes solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

- Whether Defendant's statutory violations were willful and knowing; and

- Whether Defendant should be enjoined from engaging in such conduct in the future.

74.     Plaintiff is a member of the Classes in that Defendant placed two or more calls for telemarketing purposes, in a one-year period to her telephone number, without her prior express written consent, and while her telephone number was on the National Do-Not-Call Registry and where at least one of the calls utilized an artificial or prerecorded voice.

75.     Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

76.     Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

77.     Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

78.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

79.     Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

80.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

81.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

82.     Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. §227(b)**
**(On behalf of Plaintiff and the Prerecorded Class)**

83.     Plaintiff and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

84.     Defendant placed, or had placed on its behalf, prerecorded telephone calls to Plaintiff's and Class Members' cellular telephone numbers without prior express consent.

85.     The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

86.     Defendant has therefore violated 47 U.S.C. § 227(b).

87.     As a result of Defendant's unlawful conduct, Plaintiff and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

88.     Plaintiff and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

89.    Plaintiff and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

90.    Defendant made telephone solicitations to Plaintiff's and putative Registry Class Members' telephone numbers.

91.    Plaintiff's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

92.    Plaintiff and putative Registry Class Members each received two or more such calls in a 12-month period.

93.    Plaintiff and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

94.    Plaintiff and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**THIRD CAUSE OF ACTION**
**Violations of Texas Business and Commerce Code, § 302.101**
**(On Behalf of Plaintiff and the Texas Registration Class)**

95.    Plaintiff and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

96.    Defendant failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to § 302.101 of the Texas Business and Commerce Code.

97.    Defendant placed telephone solicitations to Plaintiff's and the Texas Registration Class Members' telephone numbers.

98.    Defendant's telephone solicitations were made from a location in Texas or to Plaintiff and the Texas Registration Class Members located in Texas.

99.    Plaintiff and the Texas Registration Class Members are entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**FOURTH CAUSE OF ACTION**
**Violations of Texas Business and Commerce Code, Chapter 305**
**(On Behalf of Plaintiff and the Texas TCPA Class)**

244.    Plaintiff and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

245.    Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

246.    Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

247.    Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

248.    As set forth above Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

249.    Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

250.    Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendant.

251.    Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing her counsel as Class Counsel;

B.    An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C.    An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.    An award of statutory damages;

E.    An award of treble damages; and

F.    Such other and further relief that the Court deems reasonable and just.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: _____.

_____
Chris Miltenberger, Esq.
Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel Blvd., Suite 200
Southlake, Texas 76092
Tel: (817) 416-5060
Fax: (817) 416-5062
chris@crmlawpractice.com

Max S. Morgan, Esquire
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Counsel for Plaintiff and
the proposed classes*